# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES T. MOLLIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 05-187-RAW-KEW** |
| ) | |
| HASKELL HIGGINS, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma, attacks his conviction and sentence in Muskogee County District Court Case Number CF-2002-128 for five counts of Second Degree Burglary. He sets forth the following grounds for relief:

I. Sentence exceeds maximum allowed by law. Petitioner has satisfied a 7-year sentence and is presently being held illegally.

II. Double jeopardy violation. Judge Norman continuously has threatened to refile seven counts that were dismissed per plea agreement.

III. Ineffective assistance of counsel.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A. Petitioner's Plea of Guilty/Summary of Facts in Muskogee County District Court Case No. CF-2002-128.

B. Petitioner's Judgment and Sentence in Case No. CR-2002-128.

C. Order Reversing Denial of Post-Conviction Relief and Remanding Matter to District Court of Muskogee County for Further Proceedings. *Mollie v. State*, No. PC-2003-1141 (Okla. Crim. App. Feb. 27, 2004).

D. Fourth Amended Judgment and Sentence in Case No. CF-2002-128, filed on May 7, 2004.

E. Order Dismissing Application for Post-Conviction Relief. *Mollie v. Muskogee County Dist. Judge Mike Norman*, No. PC-2004-575 (Okla. Crim. App. June 28, 2004).

F. Order denying petitioner's post-conviction request for an appeal out of time. *State v. Mollie*, No. CF-2002-128 (Muskogee County Dist. Ct., Nov. 23, 2004).

G. Order Denying Request for Post-Conviction Appeal Out of Time. *Mollie v. State*, No. PC-2004-1273 (Okla. Crim. App. Mar. 10, 2005).

H. Transcript of post-conviction proceedings in Case No. CF-2002-128, held on April 8, 2004.

**Ground I:  Excessive Sentence**

Petitioner alleges he pleaded guilty to five of twelve counts of Second Degree Burglary, with no prior felonies, and was sentenced to a total of 23 years' imprisonment, with 8 years suspended. He asserts, however, the punishment should have been no more than 7 years' imprisonment.

Petitioner first presented this claim in a post-conviction application, which the state district court denied. *See Mollie v. State*, No. PC-2003-1141, slip op. at 1 (Okla. Crim. App. Feb. 27, 2004). The district court had ordered the district attorney to file a corrected Judgment and Sentence reflecting all twelve counts and the prior convictions. *Id.*, slip op. at 2. Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA), which found petitioner was convicted and sentenced to five counts of Second Degree Burglary,

with no former felony convictions. *Id*. The OCCA reversed the district court's decision and remanded the matter for further proceedings. *Id*., slip op. at 3. The district court was directed to appoint counsel for petitioner and give him the opportunity to withdraw his plea. *Id*.

On April 8, 2004, a post-conviction hearing was held in the district court. The court found petitioner's 23-year sentence was improper, if there were no prior felonies (Tr. 9, Docket #15, Ex. 8). The Plea of Guilty/Summary of Facts did not address the seven counts remaining after petitioner pleaded guilty to five counts, and the written plea did not include the Second Page with petitioner's two prior felonies (Tr. 7). The Information, however, had charged him with twelve counts of burglary with two prior felony convictions (Tr. 11). Petitioner was given a choice between not withdrawing his plea, or withdrawing the plea with the knowledge that all twelve counts would be reinstated (Tr. 11, 14). He chose not to withdraw his plea (Tr. 14). The district court directed the entry of another Judgment and Sentence for the twelve counts, after conviction of two felonies, with a sentence of 23 years, with 8 suspended (Tr. 11-13). Petitioner was advised of his right to appeal (Tr. 12). The Fourth Amended Judgment and Sentence, entered on May 7, 2004, indicated petitioner had pleaded guilty to five counts of Second Degree Burglary, after former conviction of two felonies [Docket #15, Ex. 4]. The remaining seven counts were not addressed. *Id*.

On June 3, 2004, petitioner filed a Petition in Error, attempting to appeal the district court's decision. *Mollie v. Muskogee County Dist. Ct.*, No. PC-2004-575, slip op. at 1 (Okla. Crim. App. June 28, 2004). The OCCA dismissed the action for petitioner's failure to provide (1) a certified copy of the district court's order denying relief, and (2) the date he filed a notice of post-conviction appeal, as required by Rule 5.2(C)(2) of the *Rules of the*

*Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. (2004). *Id*.

Petitioner next filed an application for post-conviction relief in the state district court, seeking an appeal out of time of the district court's decision and claiming he was denied an appeal through no fault of his own. *State v. Mollie*, No. CF-2002-128, slip op. at 1 (Muskogee County Dist. Ct. Nov. 23, 2004). The application was denied. *Id*., slip op. at 2. The OCCA denied his appeal of the post-conviction denial, finding "no sufficient reason for the failure to timely appeal the denial of Petitioner's request for post-conviction relief." *Mollie v. State*, No. PC-2004-1273, slip op. at 3 (Okla. Crim. App. Mar. 10, 2005).

The respondent alleges this claim is procedurally barred.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The OCCA dismissed petitioner's post-conviction appeal following his post-conviction hearing for failure to comply with the court's Rule 5.2(C)(2). *Mollie*, No. PC-2004-575, slip op. at 1. Rule 5.2(C)(2) provides that a petitioner must provide a certified copy of the district court order denying relief and must provide the date a notice of post-conviction appeal was filed. These documents must be filed within 30 days from the date of the district court's final order. *Id*. The Tenth Circuit Court of Appeals has held that the OCCA's Rule 5.2(C) is an adequate and independent state procedural ground. *Johnson v. Champion*, 288 F.3d 1215 (10th Cir. 2002). Therefore, this claim is procedurally barred.

"'[C]ause' under the cause and prejudice test must be something external to the

4

petitioner, something that cannot fairly be attributed to him." *Id.* 501 U.S. at 753. While petitioner claims he did file the proper documents to the OCCA, he makes no argument concerning his failure to file his appeal within the applicable time period. Having failed to demonstrate cause for his procedural default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993). The court finds that application of the procedural bar by the Court of Criminal Appeals was based on state procedural rules, and petitioner has not met the requirements of a showing of cause and prejudice.

The court further finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" Petitioner has made no colorable claim of his actual innocence.

Petitioner's claim also fails on the merits, because sentencing is a matter of state law. *See Shafer v. Stratton*, 906 F.2d 506, 510 (10th Cir.), *cert. denied*, 498 U.S. 961 (1990).

> The Eighth Amendment's prohibition against imposition of cruel and unusual punishment requires that the sentence cannot be disproportionate to the severity of the crime or involve unnecessary infliction of pain. Again, the guiding rule is that the fixing of penalties for crimes is a legislative function, and the determination of what constitutes adequate punishment is left to the trial court's discretion; and if the sentence is within statutory limits, the appellate court will not regard it as cruel and unusual or excessive.

*United States v. O'Driscoll*, 761 F.2d 589, 599 (10th Cir. 1985) (citations omitted), *cert. denied*, 475 U.S. 1020 (1986). *See also Gaines v. Hess*, 662 F.2d 1364, 1370 (10th Cir. 1981).

Petitioner was charged by Information with twelve counts of Second Degree Burglary, After Former Conviction of Two or More Felonies (Tr. 10). The written plea agreement for five counts, however, omitted the former felonies (Tr. 10-11; Docket #13, Ex. 1 at 2). Petitioner declined the trial court's offer to withdraw his plea (Tr. 11), so the Judgment and Sentence was corrected to reflect the prior convictions (Tr. 12). Because a 23-year sentence is authorized for Second Degree Burglary, After Former Conviction of Two or More Felonies, Okla. Stat. tit. 21, § 1436; Okla. Stat. tit. 21, § 51.1(C)), petitioner's sentence is within the statutory limits. Therefore, Ground I of this habeas corpus petition fails.

**Ground II: Double Jeopardy**

Petitioner alleges in Ground II that Muskogee County District Court Judge Norman has continuously threatened to re-file the seven additional counts of Second Degree Burglary that were not included in his Fourth Amended Judgment and Sentence. The respondent asserts this claim is moot.

The record shows the OCCA's Order Denying Request for Post-Conviction Appeal Out of Time recognized that petitioner originally was charged with twelve counts of Second Degree Burglary, but seven of those counts were dismissed when he entered his guilty plea on October 8, 2001. *Mollie*, No. PC-2004-1273, slip op. at 1. At petitioner's post-conviction hearing Judge Norman ruled that petitioner intended to plead guilty to all twelve counts (Tr. 13-14). The prosecutor stated, however, that he believed petitioner should be tried on the seven remaining counts (Tr. 16-17). The record shows those proceedings were not held.

The Double Jeopardy Clause is violated when a person is tried again for the same offense after acquittal or conviction, and when a person is punished twice for the same offense. *United States v. Dixon*, 509 U.S. 688, 695-96 (1993). There is nothing in the record

6

showing a constitutional violation with respect to this claim. Petitioner's Ground II is meritless.

**Ground III: Ineffective Assistance of Counsel**

Petitioner alleges he received ineffective assistance from his attorneys when he entered his plea and during the post-conviction hearing. He asserts his attorneys had hostile attitudes and refused to meet with him before the court proceedings. They allegedly told petitioner they did not care what happened in his case, because they would get paid anyway. He points out that he circled, "No" in his plea agreement in response to the question, "Do you believe your lawyer has effectively assisted you in this case, and are you satisfied with his/her advice?" [Docket #15, Ex. 1 at 2]. He asserts he presented this issue in his post-conviction application that was denied by the state district court on September 26, 2003, and dismissed on appeal to the OCCA.

The respondent alleges this ground for relief also is procedurally barred. In its Order Dismissing Application for Post-Conviction Relief, the OCCA dismissed this claim for petitioner's failure to comply with Rule 5.2(C). As discussed above, petitioner has not overcome the procedural bar of this claim, because he has not shown cause for his failure to comply with the OCCA's rules or that failure to consider the claim will result in a fundamental miscarriage of justice.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the

Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 16th day of January 2008.

                                                **KIMBERLY E. WEST**
                                                **UNITED STATES MAGISTRATE JUDGE**